U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 07-00774

ORDER

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**03/27/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 03/28/2008

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 07-00774 |
| Tara Leona Gabriel | ) | |
| | ) | ORDER |
| Debtor. | ) | |
| | ) | |

THIS MATTER is before the Court on motion by the Chapter 7 trustee for turnover of the debtor's 2006 tax refund and on the motion of the debtor to convert the case to one under Chapter 13 of the Bankruptcy Code. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(2)(E). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014(b), the Court makes the following Findings of Fact and Conclusions of Law:

<u>Findings of Fact</u>

1.  Tara Leona Gabriel ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 15, 2007.

2.  Kevin Campbell ("Trustee") was appointed interim trustee and serves as trustee in the case.

3.  Debtor filed lists, statements and schedules with her petition. She reflected $300 in cash and a checking account on lines 1 and 2 of Schedule B and she marked "None" in response to the requirement to list "Other liquidated debts owing debtor including tax refunds", questions 18 on Schedule B.

4.  Debtor reported monthly take home pay of $1,520.57 and expenses of $1,661.00 on Schedules I and J. She reported her marital status as separated and has one dependent,

a 13 year old daughter. Debtor works as a "skin care assistant" in Bluffton, South Carolina. Debtor testified to some small increase in income at the time of the hearing on her motion to convert. Debtor also testified that she is pursuing, through government agencies, child support from her estranged husband. While the parties have been separated for some time, the father has not voluntarily contributed to the support of his daughter and any immediate support is contingent and speculative.

5.  Debtor noted a liability for $39,564.24 in unsecured debts. Debtor owns an interest in a home in Colorado with her estranged husband, subject to liens reportedly in excess of the value. Debtor proposes to surrender the collateral to the lienholder(s).

6.  Trustee requested from Debtor, prior to the meeting of creditors, copies of bank records relating to the checking account.

7.  The meeting of creditors was scheduled for April 4, 2007. The bank records were not forthcoming and the meeting was rescheduled for May 2, 2007. Debtor did not appear at the rescheduled meeting of creditors but did provide, through her counsel, copies of the requested bank records.

8.  Debtor's bank account contained approximately $7,219.16 on the date of filing and approximately $5,400 on the date of the first scheduled meeting of creditors. Debtor claims that these funds were a gift from her grandmother.

9.  Trustee demanded of Debtor, through her counsel, turnover of the funds exceeding the exemption allowed under South Carolina law[1].

---

[1] South Carolina has opted out of the federal exemption scheme of 11 U.S.C. § 522(d), pursuant to § 522(b)(2). A cash exemption is available to domiciliaries not electing a homestead exemption. The amount of this exemption may not exceed $1,000.00. See § 15-41-30(5).

10. Debtor received a refund of 2006 taxes on July 6, 2007 in the amount of $3,646.00. Trustee demanded turnover of these funds and ultimately filed a motion to compel turnover on January 3, 2008.

11. In the interim, Trustee and Debtor negotiated turnover of the bank account balance and the tax refund.

12. Debtor filed a motion to convert her case to Chapter 13 in August, 2007. The trustee objected. Debtor withdrew the motion to convert.

13. A consent order denying Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2)(B)[2] was entered on October 2, 2007. The consent order provides "The Debtor has failed to turnover the cash assets, and has continued to use said funds despite the Trustee's request for turnover. As such, the Debtor is in violation of 11 U.S.C. § 727(a)(2)(B) and her discharge should be denied."

14. The tax refund and the bank account balance as of the date of filing were and are property of the estate. The funds are not of inconsequential value.

15. Debtor's net income, after reasonable living expenses, is not sufficient to fund a chapter 13 plan.

## Conclusions of Law

The Court first turns to Debtor's motion to convert to chapter 13[3]. The Bankruptcy Code provides "[t]he debtor may convert a case under this chapter (7) to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to

---

[2] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, will be by section number only.

[3] Debtor cites § 1307(a) as authority to convert from chapter 7 to chapter 13 at any time. Debtor styles the motion as a notice of conversion as if the proposed conversion were from chapter 13 to chapter 7 pursuant to § 1307(a) and Fed. R. Bankr. P. 1017(f)(3).

convert a case under this subsection is unenforceable." § 706(a). Conversion pursuant to § 706(a) must be on motion. See Fed. R. Bankr. P. 1017(f)(2). The hearing on conversion must be on at least 20 days' notice to parties in interest, with exceptions not applicable here. See Fed. R. Bankr. P. 2002(a)(4). Debtor claims that the right to convert is absolute.

The Supreme Court recently addressed the "procedural anomaly" arising from the "absolute right to convert at least one Chapter 7 proceeding into a Chapter 13 case" and the "bad-faith . . . forfeiture of any right to proceed with a Chapter 13 case." *Marrama v. Citizens Bank of Massachusetts*, 127 S.Ct. 1105, 1107-8 (2007). The Court stated

> An issue that has arisen with disturbing frequency is whether a debtor who acts in bad faith prior to, or in the course of, filing a Chapter 13 petition by, for example , fraudulently concealing significant assets, thereby forfeits his right to obtain Chapter 13 relief. The issue may arise at the outset of a Chapter 13 case in response to a motion by creditors or by the United States trustee either to dismiss the case or to convert it to Chapter 7, see § 1307(c). It also may arise in a Chapter 7 case when the debtor files a motion under § 706(a) to convert to Chapter 13.

*Marrama* at 1107. The Supreme Court, construing § 706(a) with the gloss of § 706(d)[4], looked to §§ 109(e), 1307(c), and 105 for qualifications on the right of a debtor to proceed under a particular chapter of the Bankruptcy Code and found limitation of the "absolute right to convert."

In looking to the ten[5] non-exclusive causes for conversion or dismissal of a chapter 13 case found in § 1307(c), the Supreme Court found that prepetition bad-faith conduct (not one of the ten expressed grounds for cause) was sufficient to form the basis for "a ruling that the individual does not qualify as a debtor under Chapter 13." *Marrama*

---

[4] "(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." § 706(d).

[5] Now eleven following the 2005 amendments to the Bankruptcy Code.

at 1111. The Court specifically included "fraudulent acts committed in an earlier Chapter 7 proceeding" within the scope of "prepetition bad-faith conduct" disqualifying a debtor from eligibility under Chapter 13. The Court specifically recognized "the authority of the (bankruptcy) court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical (honest but unfortunate) debtor." *Marrama* at 1111. The Court also found that "the broad authority . . . 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief (allowing conversion and then *sua sponte* reconverting the case) and may provide a debtor with an opportunity to take action prejudicial to creditors." *Marrama* at 1112.

The rule in this Circuit, prior to *Marrama*, recognized an "absolute right to convert" from chapter 7, subject perhaps to qualification. *See Finney v. Smith ( In re Finney)*, 992 F.2d 43, 45 (4th Cir. 1993)("We express no opinion on what circumstances, if any, would justify invocation of § 105(a) to deny a § 706(a) motion outright."). Finney, a chapter 7 debtor wishing to convert to chapter 11 after denial of discharge, was afforded, on remand, the opportunity to show that his Chapter 11 reorganization was not objectively futile under this Circuit's subjective bad faith and objective futility of reorganization standard[6]. The Bankruptcy Court in Finney was specifically authorized to *sua sponte* consider immediate reconversion from chapter 11. Importantly, the Court of Appeals recognized that "recalcitrance and fraud during the Chapter 7 proceedings, and . . . resort to the § 706(a) motion only after . . . discharge was denied, are reasonably read

---

[6] *Carolin Corp. v. Miller*, 886 F.2d 693, 700-01 (4th Cir. 1989).

as constituting abuse of process sufficient to trigger § 105(a)." *Finney* at 45. Notably, the analysis required in considering conversion from chapter 7 to 13 does not require the two step process imposed for chapter 11 conversions by *Carolin*.

Debtor reported $250 as her bank account balance at the time of filing bankruptcy while actually in possession of $7,219.16. Despite Trustee's demand for turnover of the funds still available at the time of the first scheduled meeting of creditors, Debtor failed to cooperate and spent the money. Where a trustee is serving in a case, the debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties. . . ." § 521(a)(3), A primary duty of the chapter 7 trustee is to "collect and reduce to money the property of the estate for which the trustee serves. . . ." § 704(a)(1). While Debtor did supply bank records, albeit not in a timely fashion, her duties did not end there. Debtor was required to account for and turnover the money in her bank account. Rather, she spent it.

Debtor consented to denial of discharge. She did so under a specific section of the Bankruptcy Code. That section provides for denial of discharge if

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under (title 11) has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - . . . (B) property of the estate, after the date of the filing of the petition. . . .

§ 727(a)(2)(B). Debtor is not the "honest but unfortunate" typical debtor. She did not disclose all of her assets in her schedules. She refused to turnover money that Trustee had a duty to collect and pay over to creditors. She spent that money to the detriment of her creditors.

Were this not enough, Debtor failed to disclose her anticipated 2006 tax refund[7], received the tax refund, and failed to turn it over to the trustee. This tax refund is property of the estate. The filing of a bankruptcy petition by Debtor resulted in the creation of an estate subject to administration by Trustee for the benefit of Debtor's unsecured creditors.  § 541(a). This estate is comprised of all legal or equitable interests of Debtor in property, including a tax refund, to the extent the overpayment was made prepetition. *Campbell v. Woods (In re Woods)*, No. 97-80172-W, Adv. Pro. No. 97-80172-W, slip. op. at 5 (Bankr. D.S.C. Dec. 1, 1997). The taxes were paid in a pre-petition tax year or result from status in a pre-petition tax year.

Now Debtor asks to convert her case to one under Chapter 13. Implicit in conversion would be her entitlement to the tax refund. See § 1306(b). She would be permitted to take the money and spend it, putting it out of the immediate reach of her creditors and perhaps the Chapter 13 trustee. In return, she offers the promise to repay her creditors an amount equal to the bank account balance, less exemption, plus the tax refund over a period of 36 to 60 months. This stands in the face of her inability to make any such plan payment.

Debtor did not honestly disclose her assets at the time of filing. She spent money that is property of the estate. She has failed to cooperate with Trustee. Debtor consented to a denial of discharge on grounds that are anchored firmly in her fraudulent post-petition conduct. Debtor's motion to convert is denied.

Trustee has asked for an order compelling turnover of the tax refund. The money is property of the estate and it is in Debtor's control, although deposited in her attorney's

---

[7] The evidence is not clear that Debtor unconditionally knew she would receive a tax refund, for example based on experience from prior years. Still, she did receive it.

trust or escrow account.  A debtor may be compelled to turnover property of the estate on motion.  Fed. R. Bankr. P. 7001(1).  "[A]n entity . . . in possession, custody or control, during the case, or property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." § 542(a).  Section 363 authorizes a trustee to sell property of the estate, under a variety of conditions and circumstances.  This section provides the mechanism for a trustee's reduction of property of the estate to money and ultimate distribution to creditors, as is the trustee's duty.

The proceeds of the tax refund are property of the estate.  The funds are not of inconsequential value.  Trustee is entitled to the funds.  Debtor and counsel shall immediately turnover said funds to Trustee.

AND IT IS SO ORDERED.